OF THE

**RICHARD F. STOKES**
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
TELEPHONE (302) 856-5264

September 21, 2016

Tyrone Washington
SBI# 00341528
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Alexander Funk, Esquire
250 Beiser Boulevard, Suite 202
Dover, DE 19904-7790

Adam Gelof, Esquire
Department of Justice
114 E. Market Street
Georgetown, DE 19947

RE: *State of Delaware v. Tyrone Washington*, Def. ID# S9909013061 ( R-1)

DATE SUBMITTED: June 17, 2016

Dear Mr. Washington and Counsel:

Pending before the Court is the motion of Tyrone Washington for postconviction relief

filed pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] The original motion was filed

---

[1]The May 6, 2013 version of Rule 61 in effect as of January 17, 2014, applies. *Coble v. State*, 137 A.3d 972, 2016 WL 2585796, *1 (Del. 2016) (TABLE); *Collins v. State*, 119 A.3d 42, 2015 WL 4717524, *1 (Del. 2015) (TABLE).

1

on January 17, 2014. Defendant has amended the motion since that time and the Court considers his original claims as well as those in the amended motion.

Because this was defendant's first motion for postconviction relief, he was entitled to the appointment of counsel based upon the then-applicable version of Rule 61. Alexander Funk, Esquire, was appointed to represent defendant ("Rule 61 counsel"). In connection with that representation, he reviewed defendant's assertions and the full court record in this case. Because of the age of the case, some documents in the Attorney General's Office and trial counsel's office pertaining to defendant's case had been destroyed. Rule 61 counsel's review led him to conclude that none of defendant's claims were meritorious nor were there any other substantial grounds for relief which could be argued. Accordingly, Mr. Funk moved to withdraw. In response to this motion to withdraw, defendant argues that he does have meritorious claims. Additionally, he argues the absence of documents precludes Mr. Funk from conducting a complete review of everything and consequently, that calls into question Mr. Funk's effectiveness. Defendant does not suggest what documents might have existed which would have rendered the outcome of his case different than what it was. I conclude the absence of documents from the State of Delaware ("the State") or trial counsel is of no consequence to rendering a decision on the Rule 61 motion.

Despite his unhappiness with Mr. Funk seeking to withdraw, defendant notes that Mr. Funk is a "Great" attorney who should be required to review the record with defendant and come to an agreement with him about the validity of his claims. However, because Mr. Funk has represented that he cannot ethically advocate defendant's claims or any other claims, this Court cannot require Mr. Funk to do anything further.

The Court now reviews and considers each of defendant's assertions below.

2

Defendant faced a total of 34 charges for crimes which were alleged to have occurred between August 6, 1999 and September 17, 1999. Of those charges, 33 were drug charges and one was a charge of possession of a firearm during the commission of a felony. His co-defendants, who testified against him, were Nicole West and Angel Cunningham. The Public Defender's Office originally represented defendant; however, because of a conflict, defendant's case was assigned to conflict counsel, Thomas D.H. Barnett, Esquire ("trial counsel"). Trial counsel also pursued defendant's appeal to the Supreme Court. For ease of reference, he is referred to as trial counsel even in the situation where he was appellate counsel.

The trial took place in late August through early September, 2000. Defendant was found not guilty of the charge of possession of a firearm during the commission of a felony and of one of the maintaining a vehicle charges. The jury found him guilty on the 32 remaining charges. More specifically, he was found guilty of trafficking in cocaine in an amount between 50 to 100 grams; trafficking in cocaine in an amount between 5 and 50 grams (6 counts); delivery of a narcotic schedule II controlled substance (6 counts); possession with intent to deliver a narcotic schedule II controlled substance; maintaining a dwelling for keeping controlled substances (2 counts); maintaining a vehicle for keeping controlled substances (4 counts); conspiracy in the second degree (5 counts); and possession of drug paraphernalia (7 counts). Defendant was sentenced to sixty-five years at Level 5, followed by decreasing levels of probation. Much of the Level 5 time is mandatory.

Defendant appealed the judgment of the Superior Court. He raised two issues on appeal. Details of his appellate proceedings appear in the Supreme Court's decision in *Washington v.*

3

*State.*[2]

His first argument on appeal was that the trial court should have granted a mistrial when two witnesses commented on defendant's prior bad acts. In the first situation, a co-defendant stated several times during her testimony that she and defendant were smoking marijuana or using drugs. Each time she made these statements, the trial court immediately issued a curative instruction. The trial court denied defendant's motion for a mistrial. The second situation concerned an audiotape of one of the police officer's encounters with defendant. Before defendant met with the police officer, the police officer stated on the tape that he was going to try to get defendant to talk about buying guns. However, the actual conversation with defendant did not include any reference to any guns. The trial court issued a strong curative instruction verifying defendant made no reference to guns, he was not facing any gun charges for buying guns, he was not to be considered a bad person in light of that gun statement, and he was presumed innocent of the charges on which he was being tried. The trial court struck the reference from the record and instructed the jury to disregard it.

With regard to all of the comments, the Supreme Court found the trial court did not abuse its discretion in denying a motion for a mistrial, concluding: "The comments were not particularly prejudicial and the trial court's strong cautionary instruction cured any adverse impact from the objectionable statements."[3]

The second appeal issue concerned evidence discovered during the trial.

At the time of his arrest, the State had seized from defendant a Bible. Stuck amidst the

---

[2]788 A.2d 132, 2001 WL 1586865 (Del. Dec. 6, 2001).

[3]*Id.* at *2.

4

Bible's pages were a driver's license with defendant's picture but the name "James Smith" on it as well as a piece of paper with notations about drug sales. While defendant was testifying, the prosecutor picked up the Bible, thumbed through it, and located the items. During cross-examination, defendant agreed that whatever was found in the Bible belonged to him.[4] Defendant stated on cross-examination that he did not know a "James Smith".[5]

Defendant moved to exclude the use of the items on cross-examination, arguing the State violated discovery rules by not telling him about these two items before trial. Before the trial, the State provided to the defense information that the Bible was on the list, but the items in it were not listed. The State made the Bible available for the defense to inspect before the trial. After the items were discovered during trial, trial counsel argued that the State had the duty to provide the items before defendant testified; had trial counsel been aware of the information, then trial counsel would have discussed with defendant whether defendant should take the stand or whether he should take a plea based on the evidence.[6] The trial court denied the motion to exclude the items, ruling there was no discovery violation because 1) the State was unaware of the items' existence until when defendant began testifying; 2) the Bible, in which the evidence was discovered, was listed on the State's inventory and was available for inspection by Washington at any time; and 3) the State promptly disclosed the newly discovered evidence.[7] Of

[4]Transcript of September 5, 2000 Proceedings (Docket Entry 84) at E-67.

[5]*Id.* at E-61.

[6]*Id.* at E-109; E-125-26.

[7]*Id.* at E-133-36.

5

note was that the objection to the evidence came before it was to be used.[8] The trial court further stated: "The extent of any prejudice to the opponent while the claim is made that perhaps this defendant wouldn't testify, I've had a chance to hear his testimony, and I don't think wild horses would keep this defendant off the stand."[9] The Court further ruled as follows:

> There is testimony here on the record that the defendant denied being James Smith, and that was his choice to make that kind of statement. And there is testimony in the record that he had absolutely nothing to do with drugs. That's a blanket statement that he chose to make.
>
> And I'm also reminded in those cases, even where statements are involved, that have been suppressed and *Miranda* – and this to both types cases, I believe *Harris versus New York*, even where you have evidence that was suppressed, people get on the stand and voluntarily choose to swear to certain things under oath, and even suppressed statements may be used in cross-examination.[10]

The trial court then recessed to allow defendant to review the evidence with his trial counsel before his cross-examination continued. The State used the driver's license and information on the piece of paper to impeach defendant on cross-examination.

On appeal, the Supreme Court assumed there was a discovery violation without actually ruling there was a discovery violation. The Supreme Court concluded that even if a discovery violation occurred, the trial court, which has broad discretion in imposing sanctions for such, acted within its discretion in deeming the evidence admissible and in curing the discovery violation by giving defendant time to discuss the items with his counsel before being cross-examined.

---

[8]*Id.* at E-135.

[9]*Id.*

[10]*Id.* at E-136.

6

The Supreme Court affirmed the judgment of the Superior Court. The mandate of the Supreme Court's decision was dated December 26, 2001,[11] and that is when the judgment of conviction was final.[12] Defendant did not file a postconviction motion until twelve years later.[13]

In the version of Rule 61 in effect at the time of the filing of the pending motion, it is provided as follows:

> *Bars to relief.* (1) Time limitation. A motion for postconviction relief may not be filed  more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
>
> (2) Repetitive motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim in warranted in the interest of justice.
>
> (3) Procedural default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
>
> (A) Cause for relief from the procedural default and
>
> (B) Prejudice from violation of the movant's rights.
>
> (4) Former adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.
>
> (5) Bars inapplicable. The bars to relief in paragraphs (1), (2), and (3) of this subdivision shall not apply to a claim that the court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.

Defendant's numerous claims in this Rule 61 motion are procedurally barred on various grounds.

---

[11]Docket Entry 94.

[12]Rule 61(m)(2).

[13]The May 1, 1996 version of Rule 61 in effect at this time allowed defendant 3 years (until December 26, 2004) to file his postconviction motion.

Each claim is time-barred.[14]  To the extent defendant argues the revision of Rule 61 in 2013 and/or *Martinez v. Ryan*,[15] removed the time bar of Rule 61, that argument fails.[16]  In addition, some of the claims are barred, also, because they have been considered previously and denied,[17] or they should have been raised on appeal but were not.[18]

Because the claims are barred, defendant's motion must be denied unless he can overcome the procedural bars. As noted in *Marvel v. State*,[19] what must be shown to overcome a procedural bar is a constitutional violation,[20] a newly recognized retroactively applicable right,[21] or any indication that reconsideration of defendant's claims are warranted in the interest of justice.[22]

---

[14]Rule 61(i)(1).

[15]566 U.S. 1, 132 S.Ct. 1309 (2012).

[16]*State v. Hess*, 2014 WL 6677714, *6 (Del. Super. Nov. 20, 2014); *State v. Waller*, 2013 WL 7158043 (Del. Super. Nov. 13, 2013).

[17]Rule 61(i)(4).

[18]Rule 61(i)(3).

[19]99 A.3d 227, 2014 WL 2818692, * 1 (Del. March 13, 2014), *reh. en banc den.* (Del. April 4, 2014).

[20]*See* Del.Super. Ct.Crim. R. 61(i)(5) (providing in pertinent part that the procedural bars of (i)(1) and (2) shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

[21]*See* Del.Super. Ct.Crim. R. 61(i)(1) (providing that an untimely motion may be considered when the movant asserts a retroactively applicable right that has been newly recognized).

[22]*See* Del.Super. Ct.Crim. R. 61(i)(2), (4) (barring claim unless consideration is warranted in the interest of justice).

The Supreme Court explained in *Pringle v. State*,[23] that with regards to the "interest of justice" exception contained in Rule 61(i)(4):

> We have stated that "[i]n order to invoke the 'interest of justice' provision ... a movant must show that subsequent legal developments have revealed that the trial court lacked the authority to convict or punish [the defendant]." FN 16 In *Weedon v. State*, we stated that the 61(i)(4) bar does not apply when the previous ruling was "clearly in error' or when "there has been an important change in circumstances, in particular, the factual basis for the issue previously posed." FN 17 We will not reconsider an issue simply because a defendant has "refined or restated" a claim. FN 18
>
> FN 16 *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990).
>
> FN 17 *Weedon v. State*, 750 A.2d 521, 527 (Del. 2000). [In *Weedon*, several of the prosecutor's witnesses recanted their statements.]
>
> FN 18 *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992) (*quoting Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

The "fundamental fairness" exception of Rule 61(i)(5) is a narrow exception which has been applied in only limited circumstances.[24] An example of such a circumstance is where the right relied upon was recognized for the first time after a direct appeal.[25] Another example is an ineffective assistance of counsel claim. Even if procedurally barred, an ineffective assistance of counsel claim falls under the miscarriage of justice exception.[26]

As to the procedural bars, defendant argues:

Relitigation on the Search and Getz issues in this case is appropriate under the

---

[23]2013 WL 1087633, *3 (Del. March 13, 2013).

[24]*Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

[25]*Id.*

[26]*Peters v. State*, 2015 WL 1280628, *2 (Del. March 20, 2015) ("*Peters*"). The standard for determining if a defendant states a claim for ineffective assistance of counsel is the same whether the motion is timely or procedurally barred. *Id.*

9

above noted exceptions to Rule 61(i)(4) as well because of Defendant's change in circumstances in particular, the factual basis for the issues previously posed", is that of fact, that counsel never argued the facts of the generality, exceptions, and Trial Courts [sic] Abuse of Discretions. This also trumps the law of the case doctrin [sic] because of the equitable concern to prevent injustice. An important factor for this Court to consider is the ineffective assistance of counsel claims and the recharacterization of these two claims. [Citation omitted].

In addition to Rule 61(i)(3)(A) and Rule 61(i)(4) Grounds One through Six assert "a mistaken waiver" of fundamental rights that fall into the miscarriage of justice that undermined the fundamental legality, reliability, integrity or fairness of proceedings, Rule 61(i)(5) exceptions. [Citation omitted].[27]

The above is the extent of his argument regarding exceptions to the procedural bars. But for the ineffective assistance of counsel arguments, defendant's arguments that there are exceptions to the procedural bars are insufficient to overcome the procedural bars. However, there is a caveat to the ruling that ineffective assistance of counsel claims are not barred: an attempt to re-litigate an adjudicated claim as an ineffective assistance of counsel claim is barred by 61(i)(4).[28] In other words, an argument that trial and/or appellate counsel ineffectively dealt with an issue that has been decided previously is barred unless the defendant establishes the existence of the "interest of justice" exception.

Because defendant has not established any exception to the procedural bars but for the assertions of ineffective assistance of counsel, the Court will not consider any claims other than within the context of an ineffective assistance of counsel argument. All other claims (the trial court's abuse of discretion, trial court error, insufficiency of the evidence and/or prosecutorial misconduct) are procedurally barred. The Court will not repeat this ruling within the discussion of each claim; it is a blanket ruling which applies to each claim. To repeat, the Court will

---

[27]Motion for Postconviction Relief (Docket Entry 104) at 7-8.

[28]*Bradley v. State*, 135 A.3d 748, 761 (Del. 2016).

10

consider only ineffective assistance of counsel claims *unless* they are barred as an attempt to re-litigate an adjudicated claim in the guise of an ineffective assistance of counsel claim and defendant has failed to establish the interest of justice exception.

The standard for an ineffective assistance of counsel claim is explained in *Peters*:[29]

> Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his trial counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the outcome of the trial would have been different. FN 8 The defendant must set forth and substantiate concrete allegations of actual prejudice. FN 9 Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable. FN 10
>
> > FN 8 *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).
> >
> > FN 9 *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
> >
> > FN 10 *Strickland v. Washington*, 466 U.S. at 689.

I examine each of defendant's claims below.

Ground One: Trial Court Abuse of Discretion; Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred when the Evidence and Defendant was Illegally Seized. There was no Valid Stop, Detainment or Search Warrant for Arrest. U.S.C.A. 1, 4, and 14.

Defendant argues he was illegally detained, after a *Terry* stop, for nine hours on September 17, 1999, before he was legally arrested and charged on September 18, 1999. He also maintains the wrong residence was searched at that time.

Trial counsel filed several pretrial motions.[30] One was to dismiss on the ground

---

[29] *Peters v. State, supra.*

[30] Defendant himself handwrote the same motions and trial counsel filed those with the trial court. Docket Entry 60.

defendant's arrest on September 17, 1999, was warrantless.[31] Another was a motion to exclude evidence seized as a result of a search warrant executed at 1004 Carvel Gardens, Laurel, Delaware, on the grounds that defendant did not live there; the probative value of the evidence was outweighed by the prejudicial effect of the evidence seized; the events for which defendant was charged occurred in different locations; the items were tested for fingerprints but none of the items contained defendant's fingerprints; and the weapon seized was not relevant because there was no link to the crime alleged.[32] Trial counsel styled this motion as a motion *in limine;* because defendant did not reside at 1004 Carvel Gardens, he had no standing to file a motion to suppress.

The various motions were addressed before the trial commenced.

The motion *in limine* was considered the day before trial commenced.[33] The defense had no choice but to stipulate that the weapon and drugs were found at 1004 Carvel Gardens. The Court ruled that the State had the burden of proving its case; the evidence to be presented was relevant; and there was no prejudice because the evidence to be presented was part and parcel of the charges against defendant. The Court ruled, based upon case law, it was a jury question as to whether the defendant was tied to the drugs and weapon.[34] Thus, it denied the motion *in limine*.

The motion to dismiss the charges was entertained the day before trial began[35] while an

---

[31]Docket Entry 46.

[32]Docket Entry 47.

[33]Transcript of August 28, 2000 Proceedings (Docket Entry 81) at A-25-36.

[34]*Id.* at A-34-35. As noted earlier, defendant was found not guilty of the charge of possession of a deadly weapon during the commission of a felony. Obviously, the State did not meet its burden of proving the weapon seized was connected to defendant and the crimes alleged.

[35]*Id.* at A-12-24.

12

evidentiary hearing on the motion was held on the day trial began.[36] The trial court ruled that on September 17, 1999, probable cause for defendant's arrest on felony charges existed and the warrantless arrest on that date was lawful. The trial court further ruled that the seven-and-one-half hour delay in presenting the defendant to a Magistrate Court was not unreasonable in light of the circumstances.

Defendant currently argues that trial counsel was not effective; he failed to "argue the illegal stop 'along' with the 'cumulative' effects of the illegal search and seizure...."[37] This is a repackaging, within an ineffective assistance of counsel claim, of the arguments made to the trial court and denied. The argument is barred because it has been formerly adjudicated and defendant has failed to establish that it should be reconsidered in the interest of justice.[38]

For the foregoing reasons, this claim fails.

Ground Two: Trial Court Abuse of Discretion; Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred when Surprise Evidence was Admitted during Trial. Defense Counsel Failed to Request for Continuance. U.S.C.A. 6 and 14.

This argument concerns the documents inside the Bible, the factual scenario of which was set forth earlier in this decision.

Defendant argues the scenario constituted a *Brady*[39] violation. Defendant asserts:

---

[36]Transcript of August 29, 2000 Proceedings (Docket Entry 82) at B-19-54.

[37]Motion for Postconviction Relief (Docket Entry 104) at 10.

[38]*Bradley v. State*, 135 A.3d at 761.

[39]*Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (*"Brady"*).

13

Defense counsel was ineffective for not (1) Investigating discovery material; (2) Requesting dismissal of indictment; (3) Mistrial; and, (4) Request a continuance to prepare an adequate defense. [Citation omitted]. Had Counsel inspected this Brady material he could have protected his client from "suffering by the cross" and Defendant may have elected to take a plea, this is deficient performance. *Strickland v. Washington,* 466 U.S. 688.[40]

Defendant also argues trial counsel was ineffective for not raising the issue on appeal.

Preliminarily, I address two errors in defendant's arguments. First, the failure to produce the driver's license and the paper containing drug information did not constitute a *Brady* violation. *Brady* requires the State to provide to the defense material that is favorable to a defendant.[41] The items in question were not favorable to defendant. Second, trial counsel did raise the argument on appeal. Thus, the argument of ineffectiveness, based upon the inaccurate assertion trial counsel did not raise that argument on appeal, fails.

There was no basis for trial counsel to request a continuance, a dismissal of the indictment or a mistrial. The trial court ruled no discovery violation occurred. The Supreme Court ruled that even if there was a discovery violation, the recess was sufficient to cure any problem with the late production of the information. Trial counsel was not ineffective for not making a request which would have been legally meritless. Furthermore, defendant cannot show that any of the motions would have been granted; thus, he cannot show prejudice.

The only argument with any traction here is that because trial counsel did not physically handle the discovery material before trial, he was ineffective. The police seized from **defendant** a Bible containing a fake driver's license picturing defendant with the name "James Smith" as

---

[40]Motion for Postconviction Relief (Docket Entry 104) at 13.

[41]*Tze Poong Liu v. State,* 103 A.3d 515, 2014 WL 5460431, *1 (Del. Oct. 27, 2014) (TABLE).

14

well as a piece of paper which contained recordings of drug deals. During discovery, the State made everything seized available to trial counsel for inspection. No one thumbed through the Bible - not the police, not the prosecutors, not defense counsel. The unanswerable question is whether trial counsel ever would have physically thumbed through the Bible absent defendant (who would have had knowledge of what was in the Bible) directing trial counsel to take that action. Clearly, given the opportunity for a do-over, trial counsel, as well as the police and prosecutor, would have searched through the Bible to see if any items were stored in it. However, *Strickland* warns the courts not to view an attorney's actions with the distorting effects of hindsight.[42] I do not find that trial counsel was ineffective for not physically handling the Bible and not finding the items that defendant placed there.

However, even if I concluded that this omission did constitute ineffective assistance of counsel, I do not find that prejudice occurred.

First, the evidence against defendant regarding the crimes for which he was convicted was overwhelming. The evidence consisted of testimony of multiple witnesses as well as videotapes and audiotapes of him committing the crimes. Despite this overwhelming evidence, defendant testified.

During his testimony, defendant consciously decided to testify that he did not know who James Smith was and that he did not sell drugs. The driver's license and paper in the Bible contradicted his testimony. The only prejudice to defendant is that he was impeached on cross-examination. To repeat, defendant was determined to go to trial and to testify despite the extremely overwhelming evidence against him. In light of the videotape, audiotape, and

---

[42]*Strickland* at 689.

testimony of the multiple witnesses, the driver's license and paper were relatively minor pieces of evidence against him. His current statement that he would have pled guilty or not testified had he been aware of these two relatively minor pieces of evidence is unconvincing in light of what actually happened.

For the foregoing reasons, this claim fails.

Ground Three: Trial Court Abuse of Discretion; Ineffective Assistance of Counsel Occurred when Failure to Inquire Whether Jury was Tainted as well as the Amount of Juror's [sic] Who Knew State's Witnesses Amounted to Actual Prejudice. U.S.C.A. 6 and 14.

After the jury had been picked, two jurors indicated they had some familiarity with some of the witnesses. The first juror was excused. Another had familiarity with Alice Bailey, a police officer who was a potential **defense** witness who never testified. This juror had contact with Alice Bailey because her daughter had been in trouble before. The juror affirmed she could be neutral about Alice Bailey's testimony, if she testified. The same juror also had had contact with Detective Zolper, a State's witness, when she called him to report someone dealing drugs. She affirmed, after vigorous questioning, that she could be impartial. Trial counsel asked that this juror be stricken. The trial court denied the request.

During trial, the **defense** called Kelly Phillips. One of the jurors remembered that Kelly Phillips had ridden on his bus years before. That was the extent of his knowledge of her. He verified he could be impartial where she was concerned.[43]

Defendant argues trial counsel was ineffective for not raising objections to these jurors

---

[43]Transcript of September 6, 2000 Proceedings (Docket Entry 78) at F-12-14.

16

and not raising the issue on appeal.

There was no basis for defense counsel to seek to strike the juror who knew Ms. Phillips, a defense witness. Trial counsel sought to strike the juror who had reported a drug dealer to Detective Zolper, and the Court denied the motion. There was no basis for raising the issue on appeal as there is no meritorious argument to be made regarding the matters. Thus, trial counsel was not ineffective. Even assuming he was ineffective, defendant has failed to establish any prejudice in any way. He makes absolutely no concrete allegations of prejudice. He really does not even speculate as to what the prejudice might have been. He merely states the outcome of the trial would have been different. Vague, conclusory assertions of prejudice fail.[44]

For the foregoing reasons, this claim fails.

Ground Four: Trial Counsel was Ineffective When He Failed to Act within a Reasonable Scope of his Duties to Subpoena Witnesses and Visit Defendant While at Prison. U.S. Const. 6 and 14.

Defendant asserts that trial counsel failed to visit him to discuss trial strategy, trial counsel did not subpoena an alibi witness defendant wanted to be present at trial, and trial counsel failed to obtain videotape from the Wal-Mart Store to help with his defense. Defendant does not provide any details as to how the trial strategy he wanted to discuss with trial counsel would have been different and more successful, who the witnesses were, what the alibi would have been, and what the Wal-Mart videotape would have shown. These vague, conclusory allegations which are unsupported with specific facts render this claim meritless.[45]

---

[44] *Younger v. State*, 580 A.2d at 555.

[45] *Younger v. State, supra.*

17

For the foregoing reasons, this claim fails.

Ground Five: Trial Court Abuse of Discretion; Ineffective Assistance of Counsel
Occurred When Prior Acts Evidence was Introduced without a Getz Analysis.
U.S.C.A. 6 and 14. [Ground Six is a repeat of Ground Five].

Defendant argues that references to his smoking marijuana and the police officer's

statement he hoped to raise with defendant the topic of gun sales should have required a *Getz*[46]

analysis. As noted earlier, the information about defendant smoking marijuana and the gun

statement were not introduced into evidence; the trial court struck the statements and issued

curative instructions about them. *Getz* deals with the situation where prior bad acts are admitted

into evidence. *Getz* did not apply to the situation at hand. Thus, trial counsel was not ineffective

for not arguing *Getz* applied.

For the foregoing reasons, this claim fails.

Ground Six: Trial Court Abuse of Discretion; Ineffective Assistance of Counsel
Occurred when Defense Motion for Speedy Trial was Denied. U.S.C.A. 6 and 14.

Trial counsel sought a dismissal of the case, arguing defendant's right to a speedy trial

was denied. The trial court reviewed the motion in detail.[47] The trial court denied the motion,

ruling the time period between arrest and trial did not result in any presumptive prejudice nor had

---

[46]*Getz v. State*, 538 A.2d 726 (Del. 1988).

[47]Transcript of August 28, 2000 Proceedings (Docket Entry 81) at A-36-50; Transcript of
August 29, 2000 Proceedings (Docket Entry 82) at B-14-19.

18

defendant established any actual prejudice.[48]

The standard for ineffective assistance of appellate counsel is set forth as follows:

> Although a defendant is entitled to effective assistance of counsel during an appeal, this does not mean that his attorney must raise every nonfrivolous issue. A defendant can only show that his appellate counsel ineffectively represented him where the attorney omits issues that are clearly stronger than those the attorney presented.[49]

Defendant has not even attempted to show that the Supreme Court would have reversed the trial court's decision denying the motion for dismissal based upon a denial of a speedy trial. A vague, conclusory assertion is insufficient to establish ineffective assistance of trial counsel in pursuing the appeal.[50]

For the foregoing reasons, this claim fails.

Ground Seven: Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred When the State Allowed Its Witness to Commit Known Perjury. U.S.C.A. 6 and 14.

This argument is not clear enough for the Court to determine what defendant is arguing. The basis of it is his accusation that Detective Wright committed perjury. There is nothing to support that conclusory assertion. Whatever argument defendant is making that is premised on this conclusory, unsupported accusation of perjury likewise fails.

For the foregoing reasons, this claim fails.

---

[48] *Hughey v. State,* 522 A.2d 335 (Del. 1987); *Bailey v. State*, 521 A.2d 1069 (Del. 1987).

[49] *Ploof v. State*, 75 A.3d 811, 831-32 (Del. 2013) (footnotes and citations omitted).

[50] *Younger v. State, supra.*

<u>Ground Seven</u>[51]: It was State Misconduct When Improper Facts Was Not
Supported for Cause Concerning Medical Examiner Report and Warrant.
U.S.C.A. 6 and 14.

Defendant argues that the seized drugs were not actually tested until after the arrest; thus,

the assertions in the arrest warrant that the drugs seized were cocaine could not have been correct

assertions. He maintains trial counsel was ineffective for not attacking what, he argues, was an

illegal arrest.

In the statement of probable cause, Detective Wright explains that the drugs field-tested

positive for cocaine.[52] Defendant's argument is based upon factual inaccuracies. It does not bear

further consideration.

For the foregoing reasons, this claim fails.


<u>Ground Eight</u>: Trial Court Abuse of Discretion; Prosecutorial Misconduct;
Ineffective Assistance of Counsel Occurred When a Stipulation for Chain of
Custody and Medical Examiner was Never Agreed to by Defendant. U.S.C.A. 4,
5, 6 and 14.

The Court cannot determine exactly what it is that the defendant is arguing here. Because

defendant did not stipulate to the medical examiner not testifying, the chemist from the Medical

Examiner's Office who tested the drugs testified.[53] Chains of custody were established. Because

defendant has not met the burden of advancing a clear argument which establishes that trial

counsel was 1) ineffective and 2) defendant was prejudiced by that ineffective conduct, this claim

---

[51]Defendant's numbering is off but I have mirrored his numbering to prevent confusion.

[52]Docket Entry 1.

[53]Transcript of August 31, 2000 proceedings (Docket Entry 83) at D-72-96.

20

fails.[54]

Ground Nine: State was Insufficient When It failed to Prove Delivery and Drug
Counts. U.S.C.A. 6 and 14.

There is no ineffective assistance of counsel claim advanced. The procedural bars prohibit

a consideration of the claim. Thus, this claim fails.

Ground Ten: Trial Court Error; Prosecutorial Misconduct; Ineffective Assistance
of Counsel Occurred When State's Witness Did Not Quialify [sic] as an Expert.
U.S.C.A. 6 and 14.

Defendant does not advance any specific argument of ineffectiveness against trial counsel

with regards to Detective Wright being accepted as an expert in the field of drug investigations.

Trial counsel initially objected to the proffer of him as an expert.[55] Trial counsel withdrew his

objection after the appropriate foundation was laid, although trial counsel complained that the

court, and not the State, had laid the foundation.[56]

Defendant has failed to detail trial counsel's ineffectiveness and the prejudice it caused.[57]

Those omissions are fatal to this claim.

For the foregoing reasons, this claim fails.

---

[54]*Younger v. State, supra.*

[55]Transcript of August 31, 2000 Proceedings (Docket Entry 83) at D-112.

[56]*Id.* at D-116.

[57]*Younger v. State, supra.*

21

<u>Ground Eleven</u>: Trial Court Error; Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred When Medical Examiner Testified to Random Sampling. U.S.C.A. 6 and 14.

Defendant argues that trial counsel was ineffective when he did not object to the State relying upon sampling evidence to meet its burden of proof as to the quantity and composition for the alleged drugs and he was ineffective when he did not raise the issue on appeal.

On September 17, 1999, 1004 Carvel Gardens was searched. Seized from a bedroom therein was a Teletubbie doll which had inside it numerous small packages, all containing substances.[58] The seized substances were marked as State's Exhibit 33. The Chemist who tested the substances testified as follows with regard to the substances in Exhibit 33.[59] The total weight of the substances was 36.98 grams. He tested 23.04 grams of the 36.98 grams and identified that 23.04 grams as crack cocaine. He did not test the remaining 13.94 grams of the substances and could not give an opinion as to what those substances were. The State questioned Detective Wright about the value of 23.04 grams of crack and not the full 36.98 weight of the substances.[60]

The charges pertaining to the substances in Exhibit 33 were trafficking in cocaine in amount between 5 grams and 50 grams (Count 30); possession with intent to deliver cocaine (Count 32); and maintaining a dwelling for keeping controlled substances (Count 33). The Court instructed the jury that in order to find defendant guilty of trafficking in cocaine, the State had to establish that the quantity was five grams or more.[61] The Court instructed the jury that in order to

---

[58]Transcript of August 31, 2000 Proceedings (Docket Entry 83) at D-62-4.

[59]Transcript of August 31, 2000 Proceedings (Docket Entry 83) at D-89-96.

[60]*Id.* at D-124.

[61]Transcript of September 6, 2000 Proceedings (Docket Entry 78) at F-26-28.

22

find defendant guilty of possession with intent to deliver cocaine, the State had to establish that the material was analyzed by the Medical Examiner's office and introduced into evidence as cocaine.[62]

Contrary to defendant's argument, this was not a "random" sampling of the substances in Exhibit 33. The Chemist tested a portion of the substances and that portion tested was 23.04 grams of crack cocaine. That amount is substantially greater than the "more than 5 grams" required to establish the trafficking charge and the identification of the 23.04 grams as crack cocaine was sufficient to establish that the substance was cocaine. The State met its burden of proof and there was no basis for trial counsel to object.

Defendant's argument of ineffective assistance of counsel in this section is based upon factual inaccuracies, and thus, is meritless.

For the foregoing reasons, this claim fails.


Ground Twelve: Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred Due to Multiple Improper Comments "And" on Alibi Amounted to Actual Prejudice. U.S.C.A. 6 and 14.

Defendant argues that trial counsel failed to object to the "State's profiling and improper comments".[63] He then sets forth questions the prosecutor asked of witnesses and the defendant which he apparently finds objectionable. He then states: "The State committed misconduct and placed Defense Alibi and Witnesses in a category which prejudice [sic] Defendant directly

---

[62]*Id.* at F-47.

[63]Motion to Amend (Docket Entry 112) at 18-19.

23

violating U.S. Constitution...."[64]

None of the questions the prosecutor asked are legally objectionable. Trial counsel was not ineffective for not objecting to them. Furthermore, even if they were deemed objectionable and if trial counsel's failure to object was considered ineffective assistance, defendant's conclusory assertions of prejudice are insufficient to meet the *Strickland* standard.[65]

For the foregoing reasons, this claim fails.

Ground Thirteen: Trial Court Error; Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred When State Failed to Lay a Proper 3507 Foundation for Each Witness. U.S.C.A. 6 and 14.

Defendant's argument is based on a misunderstanding of 11 *Del.C.* § 3507. He complains about the use of the testimony of his co-defendants to impeach him. That is not the scenario which 11 *Del.C.* § 3507 addresses.[66] The cited statute, 11 *Del.C.* § 3507, does not apply. Trial counsel was not ineffective for not objecting to the prosecutor's questions.

For the foregoing reasons, this claim fails.

---

[64]*Id.* at 22.

[65]*Younger v. State, supra.*

[66]In 11 *Del. C.* § 3507, it is provided:

(a) In a criminal prosecution, the voluntary out-of court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.

24

<u>Ground Fourteen</u>: The State Can Not Vouch for Its Witnesses. U.S.C.A. 6 and 14.

Defendant argues that the State improperly vouched for its witnesses. No ineffective assistance of counsel claim is asserted. Thus, this claim is procedurally barred for the reasons set forth earlier in this decision.

For the foregoing reasons, this claim fails.


<u>Ground Fifthteen [sic]</u>: Trial Court Error; Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred When Newly Discovered Juror Tainting was Never Heard or Presented on Direct Appeal. U.S.C.A. 6 and 14.

During the time period between the end of the trial and defendant's sentencing, defendant submitted a letter wherein he maintained that he had new evidence.[67] He stated:

> Angel Cunningham, a witness that testify on me, told my mother that her brother go out with the juror niece. And she knows the juror very well, and the juror knew her very well when she ways [sic] on the stand.[68]

The letter was sent to the Prothonotary's Office. That office forwarded it to trial counsel. Because he was involved in another trial, trial counsel was unable to address the matter until the morning of defendant's sentencing.[69] The Court refused to address what was deemed to be a motion for a new trial based on newly discovered evidence[70] on the morning of sentencing and informed counsel and defendant that if the defense actually had a basis for seeking a new trial based upon juror misconduct, a formal motion filed through counsel could be filed within 2 years

---

[67]Docket Entry 70.

[68]*Id.*

[69]Transcript of October 27, 2000 Proceedings (Docket Entry 79) at 2-4.

[70]Super. Ct. Crim. Rule 33.

25

of final judgment. No such motion ever was filed.

Defendant argues trial counsel was ineffective in failing to raise on appeal the refusal of the Superior Court to address the motion for a new trial. Defendant also alleges trial counsel was ineffective for not seeking an inquiry of the newly discovered evidence. The Court interprets that argument as being that trial counsel was ineffective for failing to file a motion for new trial and to pursue it.

This Court would not have held a post-verdict questioning of the jurors in this case with what defendant submitted.[71] Defendant has not submitted any solid, verified information that any juror misconduct took place. Defendant has not attempted to show that the outcome of the proceedings would have been different if the motion for a new trial had been formally submitted and considered. Consequently, he has failed to establish prejudice.

For the foregoing reasons, this claim fails.

Ground Sixteen: Prosecutorial Misconduct; Ineffective Assistance of Counsel Occurred When State Failed to Disclose Missing and Material Evidence Under Brady. U.S.C.A. 6 and 14.

This argument is based upon the fact that only approximately 23 grams of the approximately 39 grams of substances seized and entered as Exhibit 33 were tested. Defendant asserts wrongs from that situation. No wrong took place. The reports were provided to the defense before trial. It was irrelevant that not all of the 39 grams were tested as to the charges based upon Exhibit 33. As noted earlier, the amount tested was more than sufficient for

---

[71]*Lovett v. State*, 516 A.2d 455, 475 (Del. 1986), *cert. den.*, 481 U.S. 1018 (1987) ("Something more than unverified conjecture must be shown.").

26

conviction on the counts related to that evidence. Trial counsel was not ineffective for not objecting.

For the foregoing reasons, this claim fails.

Ground Seventeen: Ineffective Assistance of Counsel Occurred Due to Counsel's Failure to Seek ID of Confidential Informant. U.S.C.A. 6 and 14.

A confidential informant provided the police with a lead on defendant being a drug dealer.[72] The confidential informant introduced Detective Wright to defendant at 1004 Carvel Gardens. The confidential informant was present when Detective Wright directly purchased cocaine from defendant on August 6, 1999, at 1004 Carvel Gardens. At that time, Detective Wright gave defendant $500.00 and defendant handed the drugs to the confidential informant, who then handed the drugs to Detective Wright. On August 13, 1999, the confidential informant was present in a vehicle with Detective Wright and defendant when defendant handed Detective Wright drugs for which defendant was paid. Subsequent drug purchases took place without the presence of the confidential informant.

In his motion, defendant asserts:

[T]here was no evidence that linked him towards this alleged transaction, and that if any transaction was allegedly have taking place, it must have been the CI who made the sale, and Detective Wright is making a mistaken identification.[73]

Contrary to defendant's contention, there was evidence linking defendant to the alleged

---

[72]Pertinent testimony regarding the confidential informant may be found at Transcript of August 29, 2000 Proceedings (Docket Entry 82) at B-99-103 and Transcript of August 30, 2000 Proceedings (Docket Entry 77) at C-64-72; C-76-85.

[73]Motion to Amend (Docket Entry 112) at 33.

transactions, and that evidence was the testimony of Detective Wright. Defendant testified Detective Wright did not purchase drugs from him those two times; he maintained he was not at the locations on August 6, 1999 or August 13, 1999.[74] The jury accepted Detective Wright's testimony and rejected defendant's testimony.

Defendant argues trial counsel "should have sought the CI and subpoena [sic] him or found out his roll [sic] under the circumstances which could have effected [sic] the outcome of defendant's trial."[75]

In order to establish ineffective assistance of counsel, defendant must show that a *Flowers*[76] motion would have been granted.[77] He has made no effort to make that showing. In any case, defendant has not shown prejudice. He has not shown that the confidential informant would have provided information that would have been favorable to his defense. The vague statement that trial counsel should have found out the confidential informant's role does not in any way establish that the confidential informant could have offered any testimony which would have been favorable to his defense.[78] Thus, defendant has failed to establish prejudice.[79]

For the foregoing reasons, this claim fails.

---

[74]Transcript of September 5, 2000 Proceedings (Docket Entry 84) at E-17-18.

[75]Motion to Amend (Docket Entry 112) at 35.

[76]*State v. Flowers*, 316 A.2d 564 (Del. Super. 1973).

[77]*State v. Brooks*, 2011 WL 494770, *7-8 (Del. Super. Feb. 3, 2011), *rev'd in part on other grounds*, 40 A.3d 346 (Del. 2012).

[78]*Younger v. State, supra.*

[79]*State v. Brooks, supra.*

28

In conclusion, because each of defendant's claims fail, his motion for postconviction relief is denied. Postconviction counsel's motion to withdraw is granted.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

cc: Thomas D.H. Barnett, Esquire
     Prothonotary's Office