Ronald BROOKS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Rashan Owens, Defendant
Below, Appellant,

v.

State of Delaware, Plaintiff
Below, Appellee.

Nos. 415, 2008, 596, 2010.

Supreme Court of Delaware.

Submitted: Nov. 23, 2011.
Decided: Feb. 23, 2012.

Patrick J. Collins, Aaronson & Collins, LLC, Wilmington, Delaware for appellant Brooks.

Jennifer–Kate Aaronson, Aaronson, Collins & Jennings, LLC, Wilmington, Delaware for appellant Owens.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices constituting the Court en Banc.

STEELE, Chief Justice:

This Court consolidated two appeals concerning accomplice testimony to determine whether a trial judge must give a cautionary instruction on testimony offered by a witness who claims to have been the defendant's accomplice, even if the defense does not request it, and to determine the appropriate content of an accomplice instruction. We hold that a trial judge who fails to give an instruction about accomplice testimony commits plain error. We further hold that trial judges must give a modified version of the instruction from *Bland v. State*[1] whenever the State offers accomplice testimony against the accused. Combined, these two holdings provide clear guidance to trial judges: give the modified *Bland* instruction or commit plain error.

## I. PROCEDURAL POSTURE

After hearing oral argument on the cases of Rashan Owens and Ronald Brooks within a week of one another, this Court consolidated the cases for supplemental briefing addressing two questions:

(1) Should the Court adopt a bright line rule that it is plain error not to give a cautionary instruction on the testimony of an accomplice? *See, e.g., United States v. Hill,* 627 F.2d 1052 (10th Cir. 1980); *United States v. Shriver,* 838 F.2d 980 (8th Cir.1988).

(2) This Court's suggestion for an accomplice credibility instruction in *Bland v. State,* 263 A.2d 286 (Del.1970), is over forty-one years old. Please suggest updates to that instruction so that all issues relating to accomplice testimony are addressed in a single instruction.[2]

This opinion answers those questions and resolves both appeals.

## II. DISCUSSION

■ Trial judges must give a modified version of the instruction recommended in *Bland v. State*[3] whenever a self-identified accomplice testifies. This broad rule simplifies a trial judge's task. Judges need not consider any problems associated with determining whether independent evidence corroborates the witness' testimony. This rule also frees judges from deciding whether to give an instruction about accomplice testimony in the absence of a request from defense counsel. Further, trial judges no longer need consider the appropriate content of an instruction about accomplice testimony.

Making this version of the *Bland* instruction mandatory not only simplifies an unnecessarily complicated area of the law, but also eliminates the potential for litigation gamesmanship. If it is unclear whether the trial judge should offer to give an instruction on accomplice testimony in the absence of a request for an accomplice instruction, then a defense attorney could avoid asking, knowing that if the defendant

---

1. 263 A.2d 286 (Del.1970).

2. Letter to Attorneys Consolidating Cases, C.A. 596, 2010 D.I. 25; C.A. No. 415, 2008 D.I. 42 (Jul. 27, 2011).

3. 263 A.2d 286 (Del.1970).

loses the trial he will have at least an arguable issue concerning ineffective assistance of counsel on appeal.

Although today we make a modified version of *Bland* mandatory for judges whenever a witness who claims to be an accomplice offers testimony, the law has not always been so simple. In the years after *Bland*, multiple cases tested this Court's loyalty to the precise verbal formulation described in *Bland*. Specifically, in *Cabrera v. State*[4] and then in *Bordley v. State*,[5] this Court denied direct appeals in which the defendants complained that trial judge departed from the language in *Bland*. In both cases, the Court rejected challenges to the instructions finding accomplice testimony instructions acceptable so long as they are accurate and adequately explain the potential problems with accomplice testimony.[6] In *Soliman v. State*,[7] this Court reaffirmed its insistence that judges need not give the instruction from *Bland*, so long as they provide an accurate summary of the law. The Court therefore denied an appeal contending that the trial judge committed plain error by giving an instruction each side conceded was accurate.

More recently, this Court held in *Smith v. State*[8] that a lawyer who fails to request any instruction on accomplice liability deprives the accused of the effective assistance of counsel. In *Smith*, we acknowledged that this Court had, in the past, given "considerable latitude in formulating the language of an accomplice testimony instruction...."[9] But *Smith* seemed to indicate a departure from our historical ambivalence about whether trial judges should follow the precise wording of *Bland*: "[A]lthough in *Bordley* we held that the pattern jury instruction on accomplice credibility was a correct statement of the law, we now hold that the best practice is to give the *Bland* instruction on accomplice liability rather than the pattern jury instruction given in *Bordley*."[10]

Our ruling in *Hoskins v. State*[11] diminished much of the force of *Smith*. In *Hoskins*, this Court rejected the proposition that a trial judge commits plain error by failing to give any accomplice testimony instruction when he is not asked to give one.[12] As a result, the law today seems

4. 747 A.2d 543 (Del.2000).

5. 832 A.2d 1250, 2003 WL 22227558 (Del. 2003) (TABLE).

6. *Cabrera*, 747 A.2d at 545 ("Turning to the language at issue, we find that the instruction is adequate.... Considering the instruction as a whole, we are satisfied that it sufficiently communicated the credibility concerns associated with accomplice testimony."). *Bordley*, 832 A.2d 1250, 2003 WL 22227558 at *2 ("The record demonstrates that the pattern jury instruction used by the trial judge was a correct statement of the law and adequately guided the jury as trier of fact and determiner of credibility.").

7. 918 A.2d 339 (Del.2007).

8. 991 A.2d 1169 (Del.2010).

9. *Smith*, 991 A.2d at 1178 (citing *Cabrera v. State* and *Bordley v. State* as examples of cases in which this Court granted trial judges considerable latitude).

10. *Smith*, 991 A.2d at 1179.

11. 14 A.3d 554 (Del.2011).

12. But, *Hoskins* preserved the accused's ability to pursue an ineffective assistance of counsel claim. *Hoskins*, 14 A.3d at 562 n. 33 ("Although we conclude that the trial judge did not commit plain error in not giving an accomplice credibility jury instruction because defense counsel did not request it, Hoskins is not precluded from raising an ineffective assistance of counsel claim in a timely filed Rule 61 motion for postconviction relief.... This opinion does not address either of those Rule 61 inquiries.").

unnecessarily complex. *Smith* strongly suggests that defendants are deprived of the effective assistance of counsel if counsel fails to request the *Bland* instruction on accomplice testimony. *Hoskins* suggests that a judge does not commit plain error by failing to give the *Bland* instruction, but openly invites a later motion about ineffective assistance of counsel premised on this same issue. Today we resolve this unnecessarily convoluted area of the law. We overrule all those cases that permit deviations from *Bland,* and replace this legal thicket with a clear path for trial judges to follow.

 Any time a witness who claims to be an accomplice testifies, judges must give the following instruction:

> A portion of the evidence presented by the State is the testimony of admitted participants in the crime with which these defendants are charged. For obvious reasons, the testimony of an alleged accomplice should be examined by you with more care and caution than the testimony of a witness who did not participate in the crime charged. This rule becomes particularly important when there is nothing in the evidence, direct or circumstantial, to corroborate the alleged accomplices' accusation that these defendants participated in the crime. Without such corroboration, you should not find the defendants guilty unless, after careful examination of the alleged accomplices' testimony, you are satisfied beyond a reasonable doubt that it is true and you may safely rely upon it. Of

course, if you are so satisfied, you would be justified in relying upon it, despite the lack of corroboration, and in finding the defendants guilty.[13]

A witness qualifies as an accomplice if he or she fits the definition of one,[14] whether charged as an accomplice or not. This rule applies even if the supposed accomplice pleads guilty to the maximum possible term.

With this new rule in place, we turn to the cases of Rashan Owens and Ronald Brooks.

### III. Rashan Owens

### A. Facts and Procedural Posture

The State charged Owens with multiple crimes relating to two robberies, both of the same Sun National Bank branch in Newark, Delaware.[15] The first robbery occurred on February 28, 2005, the second exactly one month later, on March 28, 2005. The State also charged Quinn Martin with the same offenses for his role in acting with Owens to accomplish the bank robberies. Martin pleaded guilty to some of the crimes with which the State had charged him, and he promised to testify truthfully against Owens. In exchange, the State agreed to drop the other charges.

At trial, Martin testified that he planned the first robbery with Owens, but after the two disagreed about when to accomplish the act, Owens robbed the bank without informing Martin ahead of time. No evi-

---

**13.** *See Bland,* 263 A.2d at 289–90. Strictly speaking, this paragraph contains an updated version of *Bland.*

**14.** *Erskine v. State,* 4 A.3d 391, 394 (Del.2010) ("An accomplice 'is guilty of an offense committed by another person when intending to promote or facilitate the commission of the offense the accomplice aids or attempts to aid

the other person in committing it.' ") (citing 11 *Del. C.* § 271(b)) (punctuation omitted).

**15.** The State indicted Owens on five counts of robbery first degree, four counts of possession of a firearm during the commission of a felony, two counts of conspiracy second degree, and one count of wearing a disguise during the commission of a felony.

dence corroborated Martin's account. Apparently not convinced by this testimony, the jury found Owens not guilty of the first robbery.

Concerning the March 28 robbery, Martin testified that he planned and accomplished it with Owens. A week after the robbery, police arrested Martin and Owens, and discovered that the two possessed the money taken by the perpetrators of the March 28 robbery. A third person testified that the two men told him they had committed the robbery and successfully solicited his help exchanging the money, stained by a dye pack soon after the robbery, for clean bills.

Owens' attorney did not request that the judge give the *Bland* instruction. Nevertheless, the trial judge gave the jury the following instruction, based not on *Bland* but on a model instruction,[16] concerning testimony offered by an alleged accomplice:

> The testimony of an alleged accomplice, someone who said that he participated with another person in the commission of a crime, has been presented in this case. Quinn Martin is alleged to have been an accomplice in this case. The fact that an alleged accomplice has entered a plea of guilty to certain of the offenses charged does not mean that any other person is guilty of the offenses charged. As stated elsewhere in these instructions, you are the sole judges of the credibility of each witness and of the weight to be given to the testimony of each.

> You may consider all the factors which might affect the witness's credibility, including whether the testimony of an accomplice has been affected by self-interests, by agreement he may have entered with the State, by his own interest in the outcome of the case against the defendant, and whether or not the testimony was corroborated by any other evidence in the case.[17]

The jury convicted Owens of the crimes relating to the second robbery.

On direct appeal, Owens contends that he deserves a new trial because the trial judge failed to give the jury the instruction contained in *Bland v. State*.[18] He also argues that the prosecutor committed misconduct in the closing argument, that the facts did not support a guilty verdict as a matter of law, and that the trial court erred by excluding impeachment evidence.

**B. Standard of Review**

■ Because Owens did not object to the instructions during trial, this Court reviews the content of jury instructions for plain error.[19]

**C. Discussion**

■ We affirm Rashan Owens' convictions. Although we announce a different rule for the future, the trial judge correctly applied the law as it existed on the day he instructed the jury in Owens' trial, November 20, 2007. We cannot say that the trial judge committed plain error for giving the same instruction that this Court upheld in both *Bordley* and *Soliman;* those cases provided the law at the time.

---

16. *See Cabrera v. State,* 747 A.2d 543, 545 (explaining the origin of the pattern instruction as follows: "Four years after *Bland,* a committee appointed by Chief Justice Wolcott was asked to draft suggested jury instructions for use with the newly enacted Delaware Criminal code.").

17. Owens Tr. at 79 (Nov. 20, 2007).

18. 263 A.2d 286 (Del.1970).

19. *Soliman,* 918 A.2d 339, 2007 WL 63359 at *1 (citing *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986)).

The instruction given in Owens' case mirrors the instruction the Court upheld in *Soliman*, only ten months before the trial judge instructed the jury in Owens' case.[20]

■ Owens asks this Court to review a claim for ineffective assistance of counsel, on direct appeal, urging that counsel should have requested the *Bland* instruction. We agree with Owens that this Court generally does not review claims for ineffective assistance of counsel on direct appeal, and decline to do so now.[21] But even if we did, Owens would be unable to demonstrate prejudice under the second prong of *Strickland v. Washington*[22] because the fact that police caught him with his co-conspirator and the money corroborated the testimony that they committed the March 28 robbery and conspired to do so.

We find the balance of Owens' arguments on appeal without merit, and we therefore affirm the Superior Court's judgment of conviction.

## IV. RONALD BROOKS

### A. Facts and Procedural Posture

Police executed a search warrant on a townhouse leased by Ronald Brooks and his girlfriend, Rose Epps, on August 16, 2005. On the premises, the officers found marijuana and handgun ammunition. In Brooks' car parked in front of the house, the officers found a digital scale, a bag containing 350 grams of crack cocaine, and four handguns.

At trial, Epps offered testimony connecting Brooks to the cocaine and three of the four handguns. As the Superior Court judge found, however, other evidence

20. *Compare* the instruction given in *Soliman*, 918 A.2d 339, 2007 WL 63359 at *3, n. 20 ("The testimony of an alleged accomplice, someone who said that he participated with another person in the commission of a crime, has been presented in this case. [Witness] may be considered an alleged accomplice in this case. The fact that an alleged accomplice has entered a plea of guilty to certain offenses charged does not mean that any other person is guilty of the offenses charged. As stated elsewhere in these instructions, you're the sole judges of the credibility of each witness, of the weight to be given the testimony of each. You may consider all the factors which affect the witness' credibility, including whether the testimony of the accomplice has been affected by self-interest, by an agreement which he may have with the State, by his own interest in the outcome of the litigation, by prejudice against the defendant, or whether or not the testimony has been corroborated by any other evidence in the case.") *with* the instruction given by the trial judge in Owens' case, Owens Trial Tr. at 79 ("The testimony of an alleged accomplice, someone who said that he participated with another person in the commission of a crime, has been presented in this case. Quinn Martin is alleged to have been an accomplice in this case. The fact that an alleged accomplice has entered a plea of guilty to certain of the offenses charged does not mean that any other person is guilty of the offenses charged. As stated elsewhere in these instructions, you are the sole judges of the credibility of each witness and of the weight to be given to the testimony of each. You may consider all of the factors which might affect the witness's credibility, including whether the testimony of an accomplice has been affected by self-interests, by agreement he may have entered with the State, by his own interest in the outcome of the case against the defendant, and whether or not the testimony was corroborated by any other evidence in the case.").

21. *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del.1994); *Wright v. State*, 513 A.2d 1310, 1315 (Del.1986); *Duross v. State*, 494 A.2d 1265, 1269 (Del.1985)).

22. 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see Norcross v. State*, 2011 WL 6425669, at *6–7 (Del. Dec. 21, 2011) (explaining *Strickland's* two part test governing ineffective assistance of counsel claims).

linked Brooks to the car, the guns, and the bag that contained the cocaine and guns.

[I]n this case, the State presented significant independent evidence of Defendant's guilt; as noted by the State, the evidence at trial included surveillance of Defendant operating the instant Lumina, surveillance of Defendant carrying the bag that was found to contain the firearms and cocaine, evidence of Defendant's fingerprints inside the Lumina, and the testimony of the "straw" purchaser of three of the four handguns at issue.[23]

The jury convicted Brooks of several offenses.[24] Because Brooks is a habitual offender, the trial judge sentenced him to the mandatory minimum term of 148 years in prison.

Brooks appealed his conviction to this Court and we affirmed.[25] Brooks then filed a motion for postconviction relief that the Superior Court judge deemed "completely conclusory."[26] Noting that Brooks failed to identify any prejudice to him from any alleged errors, the Superior Court judge denied the motion.[27] Brooks appealed that ruling. This Court remanded the motion for postconviction relief so that the issues raised could be fully explored, and appointed counsel for Brooks to aid that process.[28]

While briefing the motion for postconviction relief, Brooks' counsel advanced seven grounds for relief, including an argument that trial counsel was ineffective for failing to request a *Bland* instruction based on Rose Epps' testimony.[29] After the Superior Court judge concluded the task assigned him on remand by denying the motion in its entirety,[30] Brooks' again appealed to this Court. Brooks now advances six arguments for postconviction relief, including the argument about the lack of a *Bland* instruction.

## B. Standard of Review

Because the trial judge already denied Brooks' motion for postconviction relief based on ineffective assistance of counsel, on appeal we review the trial judge's decision for abuse of discretion.[31] We review questions of law *de novo*.[32]

## C. Discussion

Brooks' attorney did not request any accomplice testimony instruction, and the judge did not give one. This failure harmed Brooks sufficiently to demonstrate ineffective assistance of counsel only if it probably affected the outcome. Consequently, we affirm Brooks' convictions that are supported by independent corroborat-

---

23. *State v. Brooks*, 2011 WL 494770, at *9 (Del.Super. Feb. 3, 2011).

24. Brooks was convicted of four counts each of Possession of a Deadly Weapon by a Person Prohibited and Possession of a Firearm During the Commission of a Felony. He was also convicted of trafficking in more than 100 grams of Cocaine, Possession with Intent to Deliver Cocaine, Maintaining a Vehicle for Keeping a Controlled Substance, Possession of Drug Paraphernalia, Second Degree Conspiracy, and Possession of Ammunition by a Person Prohibited.

25. *Brooks v. State*, 929 A.2d 783 (Del.2007).

26. *State v. Brooks*, 2008 WL 3485720, at *2 (Del.Super. Jul. 10, 2008).

27. *Id.*

28. *Brooks v. State*, No. 415 (Del. Apr. 20, 2009) (ORDER).

29. *State v. Brooks*, 2011 WL 494770, at *2 (Del.Super. Feb. 3, 2011).

30. *Id.*

31. *Anker v. State*, 941 A.2d 1018, 2008 WL 187962, at *1 (Del.2008) (TABLE).

32. *Id.*

ing evidence, and reverse the one conviction (for Conspiracy Second Degree) that included an element entirely reliant upon accomplice testimony. For the most part, then, Brooks' claim of ineffective assistance of counsel fails. But we uphold Brooks' claim with respect to his conviction for conspiracy second degree.

 Claims premised upon ineffective assistance of counsel face a familiar burden. Under *Strickland v. Washington*,[33] Brooks must satisfy two pronged test. First, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[34] Second, a convicted defendant must demonstrate prejudice. To show prejudice, the defendant must show that the proceeding's outcome would have been different had counsel not committed the challenged errors.[35] When making this showing, the defendant must overcome "a strong presumption that the representation was professionally reasonable."[36] The defendant must also make a concrete showing of actual prejudice.[37]

 On these facts, the first prong of *Strickland* is satisfied. When considering whether to request an instruction on accomplice testimony, the defense gains

nothing by failing to request a cautionary instruction, aside perhaps from a later chance at a claim for ineffective assistance of counsel. In this case, Brooks' trial counsel submitted an affidavit attributing his failure to request an accomplice instruction to an oversight. Counsel who forgets to request an instruction that could help his client fails to meet an objective standard of reasonableness.[38]

 But, for all Brooks' convictions except for Conspiracy Second Degree, the second prong of *Strickland* is not satisfied. If independent evidence supports accomplice testimony, then we will not find a defendant prejudiced by counsel's failure to ask for the *Bland* instruction. *Smith* did not address this point because the defendant had been convicted of conspiracy for a murder that everyone agreed was committed by his alleged coconspirator.[39] The only evidence offered by the State to show Smith had conspired with the murderer was uncorroborated testimony offered by the murderer.[40] *Smith* did, however, require a determination of the prejudicial effects of counsel's failure to request an accomplice liability instruction based on "the facts and circumstances of each particular case."[41] The appellant cannot demonstrate a reasonable probability

33. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Zebroski v. State,* 822 A.2d 1038, 1043 (Del.2003).

34. *Zebroski,* 822 A.2d at 1043.

35. *Id.*

36. *Id.*

37. *Id.; see also Gattis v. State,* 697 A.2d 1174, 1178–80 (Del.1997).

38. *Smith v. State,* 991 A.2d at 1176–77 (" 'There is no reasonable trial strategy for failing to request the cautionary accomplice testimony instruction and corroboration instruction.... We cannot envision an advan-

tage which could have been gained by withholding a request for th[ese] instruction[s].' ") (quoting, with approval, *Freeman v. Class,* 95 F.3d 639, 642 (8th Cir.1996)).

39. *Id.* at 1179–80 ("It is undisputed that Smith did not kill Coverdale. The State stipulated that DeShields fired the gun that killed Coverdale.").

40. *Id.* at 1180 ("Whether Smith and DeShields were accomplices rested entirely on whether the jury believed Smith or DeShields, in particular, about the original purpose of their encounter with Coverdale.... DeShields' testimony was uncorroborated.").

41. *Id.*

that the jury would have decided differently had it heard the *Bland* instruction. Even if the jury were told to exercise great caution regarding Epps' testimony, the large quantity of corroborating evidence would satisfy a jury, even one that deliberates with great caution.

The State did present a large quantity of evidence, aside from accomplice testimony, tying Brooks to the car and therefore to the materials inside it. To start with, the car was parked in front of Brooks' house. Police observed, and even videotaped, Brooks driving the car, and police found his fingerprints inside it. Police also observed Brooks carrying the bag that contained the guns and the crack cocaine. That bag was found in Brooks' car in front of his house. Other witnesses testified that Brooks purchased weapons from them. Independent evidence corroborated that the car, the bag, and the guns belonged to Brooks.

That corroborating evidence suffices to support a denial of Brooks' motion to set aside all his convictions except Conspiracy Second Degree. The presence of crack cocaine in Brooks' car supported his convictions for Trafficking, for Possession with Intent to Distribute, and for Maintaining a Vehicle for Keeping a Controlled Substance. The guns in the bag supported Brooks' four convictions for Possession of a Firearm by a Person Prohibited and Possession of a Firearm During the Course of a Felony. The digital scale in the trunk supported his conviction for Drug Paraphernalia. The presence of the guns in the car, suggesting Brooks owned the guns and therefore also the ammunition in the house he leased, supported his conviction for Possession of Ammunition by a Person Prohibited.

██ Only Brooks' conviction for Conspiracy Second Degree remains for discussion. The Grand Jury indicted Brooks for conspiracy claiming that he came to an agreement with Epps to commit the felonies of Trafficking in Cocaine, Possession with Intent to Deliver Cocaine and Maintaining a Vehicle. To prove conspiracy, the State must, of course, prove an agreement between Brooks and Epps.[42] No evidence of an agreement exists aside from Epps' testimony.

As for the other claims Brooks raises, premised on ineffective assistance of counsel, we affirm the Superior Court judge's holding on the basis of his well reasoned opinion.[43]

## V. Conclusion

Effective March 15, 2012, any case involving accomplice testimony, trial judges must now give our modified version of the *Bland* instruction. We affirm Rashan Owens' convictions. We affirm the trial judge's denial of Brooks' motion for relief premised on ineffective assistance of counsel as to all charges except Conspiracy Second Degree. The judgment of the Superior Court judge is therefore affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

We direct the Clerk of the Supreme Court to send a copy of this Opinion to each individual judge of the Superior Court simultaneously with delivery to the trial judges in these cases and counsel.

---

**42.** *Manlove v. State,* 901 A.2d 1284, 1288 (Del.2006) ("A conspiracy requires an agreement between co-conspirators....").

**43.** *See State v. Brooks,* 2011 WL 494770.