IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FELIPE GOMEZ, | § | |
| | § | No. 6, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1107002911 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 2, 2015
Decided:  December 3, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

## ORDER

This 3rd day of December, 2015, it appears to the Court that:

(1)    In 2011, while high on crack cocaine, Felipe Gomez kidnapped and held at knifepoint his ex-girlfriend's roommate.  He placed duct tape over her mouth, eyes, hands, and feet, and placed the victim in her car.  He then drove her car to a muddy area and raped her repeatedly over the course of the night.  The next morning, he released the victim and turned himself in to police.

(2)    Gomez pled guilty to the crimes so that he would not be sentenced as a habitual offender.  A pre-sentence report detailed the hardships he endured throughout his life, including abuse and neglect as a child, mental illness, drug addiction, and a previous suicide attempt.  Gomez, his mother, and his sister all

testified at sentencing and recounted many of the same hardships. Despite these mitigating factors, the court sentenced Gomez to life plus fifty years incarceration due to the gruesome nature of the crime and Gomez's extensive criminal history. This is Gomez's appeal from the Superior Court's denial of his motion for postconviction relief. In that motion, Gomez argued his trial counsel was ineffective for failing to present additional evidence about his difficult life. Because trial counsel's representation did not fall below an objective standard of reasonableness and the minimal new mitigating evidence Gomez wished to present would not have affected the sentencing judge's decision, the Superior Court correctly denied Gomez's motion for postconviction relief. Accordingly, we affirm.

(3)    Gomez argues that the Superior Court abused its discretion [1] by finding trial counsel was not ineffective for failing to investigate and present readily available mitigation evidence at the sentencing hearing beyond the pre-sentence report. This "new" mitigation evidence includes: (1) physical, emotional, verbal, and sexual abuse by Gomez's father; (2) impoverished conditions throughout Gomez's life; (3) additional suicide attempts; (4) an unstable childhood; (5) his father's extreme favoritism of Gomez's other siblings; and (6) a low or below average intelligence (an IQ of 82). The State responds by asserting

---

[1] We review the Superior Court's decision on a motion for postconviction relief based upon claims of ineffective assistance of counsel for abuse of discretion. *Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997). We review constitutional questions and questions of law *de novo*. *Hoskins v. State*, 102 A.3d 724, 728 (Del. 2014).

that the new mitigation evidence would not have persuaded the sentencing court to impose a lesser sentence given the gravity of the crime and the extent of Gomez's criminal record.

(4) To prevail on a claim of ineffective assistance of counsel "[i]n the context of a guilty plea challenge, *Strickland*[2] requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[3] A defendant must make "a concrete showing of actual prejudice."[4] Furthermore, the defendant must overcome a strong presumption that trial counsel's conduct was professionally reasonable.[5]

(5) Here, only some of the information Gomez desires to present is new.[6] "While defense counsel has a general duty to investigate any mitigating or exculpatory evidence, counsel is not required to pursue all lines of investigation about potentially mitigating evidence."[7] The pre-sentence report documented Gomez's abuse as a child, mental health issues, cocaine addiction, and his first suicide attempt. Gomez's mother and sister both spoke on his behalf describing

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).
[3] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[4] *Id.*
[5] *Brooks v. State*, 40 A.3d 346, 354 (Del. 2012).
[6] *State v. Gomez*, 2014 WL 8042732, at *9 (Del. Super. Dec. 4, 2014) ("[The Superior Court] was aware of all of the general factors set forth above, except for defendant's IQ of 82. That fact is of no significance now, nor would it have been at the time of sentencing.").
[7] *Alston v. State*, 2015 WL 5297709, at *2 (Del. Sept. 4, 2015).

him as a good person when sober. Gomez himself spoke and apologized. Other than Gomez's reduced IQ, most of the items Gomez wishes to present now were merely elaborations of Gomez's difficult life experiences that counsel already investigated and presented to the court. Though counsel has the duty to investigate whether mitigating evidence exists, at some point Gomez has an obligation to relay information knowable only to him.[8] At any point Gomez could have relayed the information he now wishes to present on appeal. Given counsel's thorough investigation and presentation of evidence to mitigate Gomez's offenses, counsel's representation did not fall below an objective standard of reasonableness.

(6) The Superior Court "has broad discretion to consider information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that defendant was convicted."[9] The Superior Court, with the benefit of an extensive pre-sentence report and several character witnesses, found that four aggravating factors—Gomez's attitude towards the offense, prior violent criminal conduct, repetitive criminal history, and lack of amenability to lesser sanctions—took precedence over any of the mitigating

---

[8] *See Sykes v. State*, 2015 WL 417514, at *6 (Del. Jan. 30, 2015) ("The movant must establish a reasonable probability that a competent attorney, *aware of the available mitigating evidence*, would have introduced it at sentencing, and that had the [sentencer] been confronted with this . . . mitigating evidence, there is a reasonable probability that it would have returned with a different sentence.") (emphasis added); *Flamer v. State*, 585 A.2d 736, 756-57 (Del. 1990) ("Indeed, there is no duty for defense counsel to pursue all lines of investigation about potentially mitigating evidence.").

[9] *Mayes v. State*, 604 A.2d 839, 843 (Del. 1992) (holding that a court may consider factors such as a defendant's personal history in sentencing and the Supreme Court will find a sentencing judge to have abused his discretion only if the sentence was imposed on the basis of "demonstrably false information" or if the information lacks "a minimal indicia of reliability").

factors.[10]  The sentencing judge's reasoning was sound, and the court did not abuse its discretion when it found that counsel was not ineffective.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[10] *Gomez*, 2014 WL 8042732, at *9:

> It was clear to the [c]ourt at sentencing that defendant had a hard life and abused crack cocaine.  The [c]ourt was aware, also, that defendant regretted what he did after he sobered up.  However, the numerous crimes defendant inflicted on this victim were violent and extreme.  As this [c]ourt stated at the sentencing, the aggravating factors are paramount and persuasive and no mitigating factors outweigh them or call for a lesser sentence.