IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD HUNT, | § | |
| | § | No. 672, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID 1007026321 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 25, 2016
Decided: November 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 1st day of November, 2016, it appears that:

(1)    The Defendant-Below/Appellant, Richard Hunt, appeals from a final judgment of the Superior Court denying his Amended Motion for Postconviction Relief. Hunt argues on appeal that the Superior Court erred in denying his claim that sentencing counsel rendered ineffective assistance by failing to investigate and present certain mitigation evidence that Hunt argues would have persuaded the judge to impose a lesser sentence. Hunt also argues that he was prejudiced by counsel's statements during the sentencing proceeding.

1

(2)     We have concluded that Hunt's arguments are without merit. The record reflects that the Superior Court reviewed the presentence report and had at its disposal the full range of information relating to Hunt's circumstances, including most of the mitigating evidence that Hunt alleges was not presented. The record also reflects that his attorney's statements during the sentencing proceeding did not fall below an objective standard of reasonableness nor did they result in actual prejudice against Hunt. Therefore, the judgment of the Superior Court must be affirmed.

(3)     On July 23, 2010, a woman reported to police that her ward, an eight-year old girl, had been sexually abused by Hunt. The child was interviewed at the Children's Advocacy Center, at which time she provided details about the sexual assault and identified Hunt as the man who assaulted her. She also stated that she had been assaulted one month prior.

(4)     On July 29, 2010, police responded to another complaint of sexual assault in Claymont, Delaware at an old elementary school that was being utilized as a Boys & Girls Club. An employee of the Boys & Girls Club informed police that a man came into the building, inquired about daycare, used the restroom, and then left. The employee explained that the same man later reentered the building through a dislodged window in the restroom. The man then approached a woman in her office with a knife and raped her. A positive DNA match subsequently identified

2

Hunt as the man who raped the woman at the Boys & Girls Club. On July 30, 2010, police issued an arrest warrant for Hunt.

(5) On August 3, 2010, police responded to another complaint of sexual assault in Claymont. A woman told police that she had left her apartment for a brief period and when she returned, a man confronted her inside her apartment and sexually assaulted her.

(6) On August 9, 2010, police arrested Hunt. After he was read his *Miranda* rights, Hunt confessed to raping the woman at the Boys & Girls Club and sexually assaulting the woman in Claymont.

(7) On October 11, 2010, a grand jury indicted Hunt on five counts of Rape in the First Degree, two counts of Robbery in the First Degree, nine counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), and one count each of Kidnapping in the First Degree, Kidnapping in the Second Degree, Rape in the Second Degree, Assault in the Second Degree, Unlawful Sexual Contact, Strangulation, Wearing a Disguise, Burglary in the Second Degree, and Terroristic Threatening. Hunt pled guilty to one count each of Rape in the First Degree, Rape in the Second Degree, and PDWDCF. On January 13, 2012, Hunt received a life sentence plus thirty-five years incarceration.

(8) Hunt argues that the Superior Court erred in denying his postconviction claim of ineffective assistance of counsel. Hunt argues that sentencing counsel's

3

failure to investigate and present certain mitigation evidence amounts to ineffective assistance of counsel under the standard set forth by the United States Supreme Court in *Strickland v. Washington*. Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's actions caused the defendant actual prejudice, such that there is a reasonable probability that the result of the proceeding would have been different.[1]

(9) In his motion for postconviction relief, Hunt prepared a report containing mitigation evidence that Hunt argues should have been investigated and submitted to the court at the time of his sentencing. This allegedly "new" mitigation evidence includes evidence of: severe physical and emotional abuse by Hunt's father; an impoverished childhood in which Hunt was homeless and lacked basic living necessities; molestation, sexual abuse, and incestuous relationships with Hunt's relatives; serious mental disorders, including anxiety, paranoia, bipolar disorder, and sexual identity disorder; a history of drug dealing and incarcerations since childhood; and efforts to reform his behavior and receive help with his mental illness. Hunt argues that had this evidence been offered to the court, it would have persuaded the court to impose a lesser sentence. Hunt argues that the failure to

---

[1] *Strickland v. Washington*, 466 U.S. 668, 689–90, 694 (1984).

investigate and present this evidence falls below an objective standard of reasonableness and resulted in prejudice.

(10) Hunt also argues that he was further prejudiced by sentencing counsel's statements to the court. The sentencing transcript reflects that sentencing counsel told the court that "[Hunt] is probably not going to see the light of day in our lifetime . . . ." and that Hunt always wears a "facade." Sentencing counsel reminded the court that Hunt has spent most of his life in prison and stated that Hunt "comes from a family where brothers and sisters are just the same. They all have records . . . ." Sentencing counsel also told the court that "it is not surprising to see people like Mr. Hunt because they have grown up in the system, grown up institutionalized, their mothers and fathers have been the criminals, bad people, who we have put away for a long time and then they have taught him." Finally, sentencing counsel concluded by stating "[Hunt] has never had a shot. Unfortunately, he never will be, but for the public, for his victims, it's probably best . . . . It is ridiculous, but we are asking the Court to fashion an appropriate sentence, maybe life is too much, but maybe 27 [years] is not enough."

(11) Hunt argues that these statements do not reflect an attorney zealously advocating for his client. In contrast, Hunt argues, the statements "sound as though they were made by a prosecutor attempting to persuade a judge to issue a life sentence." He contends that such conduct falls below an objective standard of

5

reasonableness. Accordingly, Hunt argues that, but for sentencing counsel's deficient performance, there is a reasonable probability that the court would have been persuaded to impose a lesser sentence.

(12) The State responds by asserting that the evidence of Hunt's troubled past was included in the presentence report and that the judge considered it in determining the sentence. In its opinion, the Superior Court stated that it was "well informed about [Hunt's] social background, his criminal history, his family circumstances and upbringing, the deprivations, abuse and neglect he suffered, his poor academic performance and conduct issues in school, as well as his intentions to improve his life, change his behavior and try to make a good life for himself." Accordingly, the State argues, the mitigation evidence that Hunt argues should have been presented by his sentencing counsel *was* presented and, therefore, would not have persuaded the court to impose a lesser sentence.

(13) Next, the State argues that Hunt was not prejudiced by his sentencing counsel's presentation during the sentencing proceeding. The State argues that sentencing counsel strategically chose not to present certain evidence of Hunt's history, such as being sexually abused and sexually abusing others, because such evidence would not ultimately serve to mitigate his sentence. In fact, the State asserts, such evidence could have persuaded the court to impose a greater sentence. Accordingly, the State contends that Hunt failed to demonstrate ineffective

6

assistance of counsel, such that the Superior Court did not err in denying his motion for postconviction relief.

(14) This Court reviews a Superior Court judge's decision to deny postconviction relief for an abuse of discretion.[2] When deciding legal or constitutional questions, this Court reviews those questions *de novo*.[3] Under the *Strickland* test, "appellate . . . review is subject to a strong presumption that counsel's conduct was professionally reasonable."[4]

(15) To prevail on a claim of ineffective assistance of counsel, Hunt must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) his counsel's actions caused him prejudice.[5] Prejudice in this context is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6] Hunt must make a concrete showing of "actual prejudice."[7] Furthermore, Hunt "must overcome a strong presumption that trial counsel's conduct was professionally reasonable."[8] The record reflects that Hunt cannot meet either prong under

---

[2] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (quoting *Albury v. State*, 551 A.2d 53, 59 (Del. 1988)).
[5] *Strickland*, 466 U.S. at 689–90, 694.
[6] *Dawson*, 673 A.2d at 1190.
[7] *Somerville*, 703 A.2d at 632.
[8] *Brooks v. State*, 40 A.3d 346, 354 (Del. 2012).

*Strickland* regarding both the proposed mitigation evidence and his sentencing counsel's presentation.

(16) Hunt argues a more detailed investigation and presentation of certain evidence would have mitigated the court's sentence. However, the record reflects that the court was already aware of and considered the evidence that would have had any mitigating effect. Specifically, the presentence report included detailed information on Hunt's parents, Hunt's impoverished childhood and evidence of neglect, Hunt's father's physical abuse, Hunt's involvement in crime and subsequent incarcerations at a young age, Hunt's poor performance in school, and Hunt's mental health diagnoses.

(17) While the presentence report does not include specific accounts of Hunt's sexual encounters, which were detailed in Hunt's postconviction mitigation report, the presentence report does include evidence that Hunt had serious sexual issues. An evaluation of Hunt conducted in 1994, which was included in the presentence report, indicates that Hunt was diagnosed with "psycho-active substance abuse, sexual identity disorder and developmental disabilities." That evaluation also concluded that Hunt was "obviously sexualized at a young age" and stated that he fought with his girlfriend.

(18) The record reflects that the information Hunt argues should have been investigated further was included in his presentence report and that the judge

8

considered that information in imposing the sentence. The Superior Court has "broad discretion to consider information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that defendant was convicted."[9] While defense counsel has a general duty to investigate any mitigating or exculpatory evidence, counsel is not required to pursue all lines of investigation about potentially mitigating evidence.[10] Here, the Superior Court's sentence was guided by an extensive presentence report. The sentencing judge's reasoning was well-informed and based on a concern of public safety given Hunt's violent history. Sentencing counsel's failure to present this evidence more thoroughly did not fall below an objective standard of reasonableness. The Superior Court, therefore, did not abuse its discretion in finding that Hunt's counsel was not ineffective.

(19) Hunt's second argument is that sentencing counsel failed to zealously advocate for a lesser sentence. Hunt cites several instances from the sentencing proceeding in which, he alleges, his counsel failed to make a strong argument in favor of a lesser sentence. Hunt argues that sentencing counsel's statements seemed more like a prosecutor's arguments in favor of a greater sentence. Counsel's

---

[9] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992) (internal quotations omitted).
[10] *Alston v. State*, 2015 WL 5297709, at *2 (Del. 2015); *Flamer v. State*, 585 A.2d 736, 756–57 (Del. 1990).

presentation during the sentencing proceeding, Hunt argues, therefore fell below an objective standard of reasonableness and resulted in prejudice.

(20) Hunt's argument fails to meet either prong of the *Strickland* analysis. In reviewing whether the conduct at issue falls below an objective standard of reasonableness, "appellate . . . review is subject to a strong presumption that counsel's conduct was professionally reasonable."[11] "The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within a range of professional reasonableness at the time."[12] The second prong of *Strickland* requires concrete evidence of actual prejudice. "Mere allegations of ineffectiveness will not suffice."[13] A defendant must make specific allegations of actual prejudice and substantiate them.[14] And a defendant must overcome the presumption that "under the circumstances, the challenged action might be considered sound trial strategy."[15]

(21) In rejecting Hunt's claim of ineffective assistance of counsel, the Superior Court noted that the sentence it imposed was guided by the presentence report and an extensive list of aggravating factors, as well as concerns of public safety. The court noted ". . . given the nature of these offenses and the violent nature

---

[11] *Somerville*, 703 A.2d at 631 (quoting *Albury*, 551 A.2d at 59).
[12] *Id.*
[13] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[14] *Younger v. State*, 580 A.2d 552, 555–56 (Del. 1990); Super. Ct. Crim. R. 61(b)(2).
[15] *Strickland*, 466 U.S. at 689 (internal quotations omitted).

of them, threats you made with regard to these individuals' lives, impact of this crime on them, and on the community . . . these sentences are warranted." There is no evidence that sentencing counsel's statements actually prejudiced Hunt.

(22) In his presentation to the court, sentencing counsel was attempting to make an emotional appeal rather than focus on the facts and circumstances of Hunt's situation. Such a decision is rational and within the range of reasonableness. The record does not reflect that, but for sentencing counsel's statements, there is a reasonable probability that the result of the sentencing proceeding would have been different. Sentencing counsel's actions did not fall below an objective standard of reasonableness, nor did they prejudice Hunt.

(23) The Superior Court did not abuse its discretion nor commit legal error in denying Hunt's motion for postconviction relief based on a claim of ineffective assistance of counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice

11