IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAIAH FIELDS, | § | |
| | § | No. 236, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1506013874 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 20, 2017
Decided: October 12, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 12th day of October 2017, upon careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Isaiah Fields, filed this appeal from the Superior Court's May 18, 2017 opinion summarily dismissing his motion for postconviction relief and denying his request for the appointment of counsel. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Fields' opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, during the course of a narcotics investigation conducted by the Governor's Task Force in 2015, the Delaware State Police received information that Fields, a Level II probationer, was transporting heroin in and around the Millsboro area. On June 17, 2015, the police observed Fields driving a green minivan in Millsboro, and knowing that Fields had a suspended driver's license, the police stopped the minivan. The police found $800 in Fields' pocket and a cell phone between the front seats of the vehicle. On the back seat, the police found a black bag containing more than six grams of a substance that field-tested positive for heroin. Later that day, when Fields admitted to the police during an interview that he had more heroin at his residence, police and probation officers conducted an administrative search of the residence and found another eight grams of the suspected heroin, which brought the total amount of drugs seized to more than fourteen grams.

(3) Fields was charged by Information with Aggravated Possession of Heroin, Drug Dealing in Heroin—both class B felonies[1]—Possession of Drug Paraphernalia, and Driving while Suspended or Revoked. Each of the class B felonies exposed Fields to a minimum of two years and up to twenty-five years in

---

[1] 16 *Del. C.* § 4752 (1), (3).

prison.[2] Also, because he had prior convictions for at least two violent felonies,[3] if Fields was convicted of either of the class B felonies charged in the Information, he faced the possibility of having the State move to declare him a habitual offender and, if granted, the imposition of a life sentence.[4]

(4) On October 19, 2015, with the assistance of appointed counsel, Fields entered into a plea agreement with the State. In exchange for Fields' guilty plea to the Drug Dealing in Heroin offense, the State agreed to dismiss the other charges in the Information and to recommend that Fields be sentenced to no more than six years of unsuspended Level V incarceration.

(5) Before accepting the guilty plea, the Superior Court engaged Fields in a colloquy to ensure that he was entering the plea fully aware of the nature of the charges against him and the consequences of entering the plea. After the colloquy, the Superior Court accepted the plea as knowing, intelligent, and voluntary and sentenced Fields to twenty-five years of Level V imprisonment suspended after six years for probation.

(6) Fields did not file a direct appeal from the guilty plea and sentence. He did, however, file a motion seeking to reduce the agreed-upon six-year term of

---

[2] 11 *Del. C.* § 4205(b).
[3] The record reflects that Fields had prior convictions for assault first degree, robbery first degree, and drug dealing.
[4] 11 *Del. C.* § 4214(b).

unsuspended incarceration. By order dated February 1, 2016, the Superior Court denied the motion on the basis that the six-year term was appropriate and was part of the parties' plea agreement.

(7) On October 25, 2016, Fields filed a timely motion for postconviction relief under Superior Court Criminal Rule 61.[5] Fields filed amendments to the motion on December 8, 2016 and February 9, 2017, and in the February 9 amendment, he requested the appointment of counsel.

(8) Fields' postconviction motion as amended (hereinafter "the Motion") raised overlapping claims of ineffective assistance of counsel, prosecutorial misconduct, illegal search and seizure, inadequate *Miranda* warnings, and involuntary and defective guilty plea. After preliminary consideration of the Motion and the record, the Superior Court denied Fields' request for the appointment of counsel and dismissed the Motion.[6] This appeal followed.

(9) This Court reviews the Superior Court's denial of a motion for postconviction relief under Rule 61 for an abuse of discretion.[7] When deciding legal or constitutional questions, we apply a *de novo* standard of review.[8]

---

[5] Del. Super. Ct. Crim. R. 61.

[6] *See id.* (e)(3) (Supp. 2017) (providing that the court may appoint counsel for an indigent movant's first timely postconviction motion in a guilty plea case); *id.* (d)(5) (providing for the summary dismissal of a motion for postconviction relief if it plainly appears that the movant is not entitled to relief).

[7] *Morris v. State*, 2016 WL 7473827 (Del. Dec. 28, 2016) (citing *Neal v. State*, 80 A.3d 935, 941 (Del. 2013)).

[8] *Id.* (citing *Brooks v. State*, 40 A.3d 346, 353 (Del. 2012)).

4

(10) When dismissing the Motion, the Superior Court found that it plainly appeared that Fields' claims were procedurally barred under Rule 61(i)(3) because he failed to raise them during the guilty plea proceeding and did not demonstrate "cause" in the Motion for the procedural default.[9] Although a successful claim of ineffective assistance of counsel can constitute "cause" under Rule 61(i)(3),[10] to prevail on such a claim within the context of a guilty plea, a movant must show that, but for the alleged errors of counsel, the movant would not have pleaded guilty and would have insisted on going to trial.[11]

(11) In this case, the evidence against Fields included more than fourteen grams of heroin. If Fields had gone to trial on the charges in the Information and been convicted of only one of the class B felonies, he risked the imposition of an unsuspended prison sentence far greater than the six-year sentence imposed by the Superior Court under the plea agreement. Under these circumstances, as reflected in the record, Fields cannot demonstrate a reasonable probability that the outcome of his case would have been better for him if he had gone to trial rather than enter into the plea agreement. We therefore conclude, as did the Superior Court, that the

---

[9] R. 61(i)(3) ("Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.").

[10] *Cook v. State*, 2000 WL 1177695 (Del. Aug. 14, 2000) (citing *Younger v. State*, 580 A.2d 552, 556 (1990)).

[11] *Albury v. State*, 551 A.2d 53, 58-60 (Del. 1988).

5

ineffective counsel claim is without merit and cannot serve as "cause" to avoid the procedural bar under Rule 61(i)(3).

(12)   To the extent Fields argues stand-alone claims of illegal search and seizure, inadequate *Miranda* warnings, and prosecutorial misconduct, those claims are waived by the guilty plea.  Fields could have raised the claims at trial if he had gone to trial, but he did not.  Instead, he chose, for good reason, to enter into the plea agreement.  It is well-settled that a knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea.[12]

(13)   In this case, having reviewed the transcript of the guilty plea proceeding, the Court has no doubt but that Fields' guilty plea was knowing, intelligent, and voluntary.  The Superior Court's colloquy with Fields was thoughtful and thorough.  The court made sure that Fields understood the charges against him and what the guilty plea would mean for him.  Fields expressed no reservation whatsoever when entering into the plea agreement.  He indicated he understood that he was waiving certain trial rights by pleading guilty, including his right to pursue suppression of the evidence. He also indicated that no one had coerced him into entering into the plea, and he expressed satisfaction with his counsel's

---

[12] *Smith v. State,* 2004 WL 120530 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson,* 411 U.S. 258, 266–67 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."))).

representation. Fields acknowledged that he was pleading guilty to Drug Dealing in Heroin because he was, in fact, guilty of Drug Dealing in Heroin, and when he was asked by the court if he had anything to say before sentence was imposed, Fields stated, "I just would like to apologize . . . and accept full responsibility for my actions."[13]  Absent clear and convincing evidence to the contrary, Fields is bound by his sworn representations during the guilty plea colloquy.[14]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[13] Hr'g Tr. at 10 (Oct. 19, 2015).
[14] *Palmer v. State*, 2002 WL 31546531 (Del. Nov. 13, 2002) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

7