**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1109011777 |
| | ) | |
| ANTHONY GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: January 20, 2023
Date Decided: March 29, 2023

## <u>ORDER</u>

Upon consideration of Defendant's *pro se* "Motion to [D]ismiss Counts II and III of Rape 2nd" ("Motion"),[1] statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On January 24, 2013, a jury found Defendant guilty of two counts of Rape Second Degree and one count of Rape Fourth Degree for acts that occurred when the victim was less than sixteen years old.[2]  On April 12, 2013, Defendant was sentenced, effective January 24, 2013, as follows: for the first count of Rape Second Degree ("IN 0549"), 10 years at Level V;[3] for the second count of Rape Second Degree ("IN 0550"), 10 years at Level V;[4] and for Rape Fourth Degree, 15 years at

---

[1] D.I. 156.

[2] D.I. 33.

[3] Defendant received credit for 193 days previously served.  *See* D.I. 43.  The first 2 years of Defendant's sentence are a mandatory term of incarceration.  *See* 11 *Del. C.* § 772(a)(1); 11 *Del. C.* § 4205(b)(2).

[4] The first 2 years of Defendant's sentence are a mandatory term of incarceration.  *See* 11 *Del. C.* § 772(a)(1); 11 *Del. C.* § 4205(b)(2).

Level V, suspended after 1 year for decreasing levels of supervision.[5] On April 19, 2013, Defendant filed a direct appeal.[6] The Supreme Court of Delaware filed a Mandate affirming the judgment on December 31, 2013.[7]

(2) Since then, Defendant has filed numerous motions with this Court, several of which raised the same issue he raises in the instant Motion. On November 10, 2020, he filed a "Motion to Dismiss Counts I, II, and III in the Indictment."[8] The Court denied the motion on January 26, 2021, explaining that any alleged defects in the language of the indictment must be raised prior to trial pursuant to Superior Court Criminal Rule 12(b)(2).[9] Defendant then filed a motion for reargument,[10] which was denied.[11] On September 15, 2021, Defendant filed a "Motion for Insufficient Charging to Dismiss Counts I, II, and III of the Indictment."[12] The Court denied the motion on November 29, 2021, stating that, as explained in prior orders, the indictment satisfies Superior Court Criminal Rule 7(c).[13] Defendant appealed that Order on December 28, 2021.[14] On June 1, 2022, the Supreme Court of Delaware

---

[5] D.I. 43.
[6] D.I. 45.
[7] D.I. 63.
[8] D.I. 142.
[9] D.I. 143.
[10] D.I. 144.
[11] D.I. 145.
[12] D.I. 146.
[13] D.I. 148.
[14] D.I. 149.

filed a Mandate affirming the judgment of the Superior Court.[15]  On September 8, 2022, Defendant again attempted to attack his indictment, arguing that his sentence was illegal because the indictment "did not contain sufficient facts to differentiate each count" and therefore violated the Double Jeopardy Clause.[16]  The Court denied the motion on October 11, 2022, once again explaining that the indictment was sufficient.[17]

(3)     In the instant Motion, Defendant asks that the Court dismiss Count II (IN 0550), and Count III which was dismissed as *nolle prosequi* prior to trial,[18] of his indictment.[19]  He first argues that the indictment "failed to specify the essential and [sic] elements," namely "what[,] if any[,] sexual act the Grand Jury had found Gordon should stand trial for."[20]  Next, Defendant argues that the Court misstated the law and commented on the evidence when charging the jury with the second element of Rape Second Degree.[21]

(4)     At the outset, Count III was dismissed as *nolle prosequi* prior to trial, therefore the Court will only address the Motion in relation to Count II of the indictment.[22]

---

[15] D.I. 152.
[16] D.I. 154.
[17] D.I. 155.
[18] D.I. 33.
[19] D.I. 156.
[20] *Id.* at 1–9.
[21] *Id.* at 9–12.
[22] D.I. 33.

(5)     Superior Court Criminal Rule 12(b)(2) states that defenses and objections based on defects in the indictment must be raised prior to trial.[23]  Rule 7(c) states that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."[24]  "Generally, it is sufficient that an indictment follows the language of the statute."[25]

(6)     Both this Court and the Supreme Court of Delaware have already held that Defendant's objection to the indictment fails under Rule 12(b)(2) because it was not raised prior to trial,[26] and that it is sufficient under Rule 7(c).[27]  The indictment states that Defendant "did intentionally engage in sexual intercourse . . . and the intercourse occurred without her consent," which mirrors the language of 11 *Del. C.* § 722(a)(1).[28]

(7)     Defendant's second argument concerning the jury instruction also fails.[29]  When reviewing a jury instruction, it must be determined that the instruction "correctly stated the law, and was not so confusing or inaccurate as to undermine

---

[23] Super. Ct. Crim. R. 12(b)(2).
[24] Super. Ct. Crim. R. 7(c).
[25] *State v. Mumford*, 2022 WL 2388396, at *8 (Del. Super. June 30, 2022).
[26] *See* D.I 143; D.I. 152.
[27] *See* D.I. 145; D.I. 148; D.I. 152; D.I. 154.
[28] *Compare* D.I. 5, *with* 11 *Del. C.* § 772(a)(1) ("A person is guilty of rape in the second degree when the person [i]ntentionally engages in sexual intercourse with another person, and the intercourse occurs without the victim's consent.").
[29] To the extent Defendant argues that the Court commented on the evidence, that argument fails because the Court simply instructed the jury on the elements of Rape Second Degree, which is not a comment on the evidence.

4

either the jury's ability to reach a verdict or our confidence in their ability to do so fairly under the circumstances."[30]

(8)     Here, the Court correctly stated the law.  When charging the jury, the Court explained that in order to find Defendant guilty of Rape Second Degree, the jury must find that all three elements of the crime were established beyond a reasonable doubt.[31]  As to the first element, the Court stated that the jury must find that Defendant had sexual intercourse with the victim, and defined sexual intercourse.[32]  As to the second element, the Court stated that the jury must find that the victim had not yet reached her sixteenth birthday at the time of the incident.[33] The Court also stated that not knowing the victim's age or reasonably believing she had reached her sixteenth birthday were not defenses.[34]  The Court then moved to the third element, stating that the jury must find that Defendant intentionally engaged

---

[30] *Comer v. State*, 977 A.2d 334, 342–43 (Del. 2009) (holding that a jury instruction incorrectly stating the agency theory of felony murder was an incorrect statement of the law and did not enable the jury to perform its duty).  Moreover, objections to jury instructions should be raised at trial. *See* Super. Ct. Crim. R. 30; *see also Gregory v. State*, -- A.3d at --, 2023 WL 2379019, at *3 (Del. Mar. 7, 2023) ("In other words, the defendant waives any objection to the jury instructions if not made before the jury retires.").  Otherwise, such objections should be raised on appeal and are reviewed for plain error.  This issue was not raised on appeal. *See Brooks v. State*, 40 A.3d 346, 351 (Del. 2012).  Neither the State nor Defendant picked up on the error when they reviewed the draft jury instructions, and Defendant raised no objections to the jury instructions as read or as written; the Court corrected the instruction immediately upon recognizing the error. *See* D.I. 53 at 80:12–90:13.

[31] *See* D.I. 53 at 80:12-15.

[32] *See id.* at 80:16-22.

[33] *See id.* at 81:2-7.  The Court mistakenly started to read a part of the instruction that applied to children that have not yet reached their twelfth birthday, immediately recognized its error, and advised the jury that the sentence it started to read did not apply to this case. *See id.* at 81:8-9.

[34] *See id.* at 81:10-13.

in conduct constituting sexual intercourse.[35] The printed instructions provided to the jury correctly state the elements of Rape Second Degree.[36]

(9) The jury instructions, viewed in their entirety, contained an accurate statement of the law and did not require the jury to reconcile contradicting statements of law.[37]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Motion is **DENIED**.

         /s/ Jan R. Jurden
        Jan R. Jurden, President Judge

Original to Prothonotary:

cc:    Abigail E. Rodgers, DAG
       Anthony Gordon (SBI# 00211789)

---

[35] *See id.* at 81:14-18.

[36] *See* D.I. 32. The Court specifically stated it would correct the error on the printed jury instructions. D.I. 53 at 90:14-16; 91:16-20.

[37] *See Howell v. State*, 268 A.3d 754, 774–75 (Del. 2011) (citing *Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1255–56 (Del. 2011)) ("No doubt, there are circumstances where a minor flaw in a jury instruction that is not objected to in the trial court will not rise to the level of plain error, when the instructions viewed in their entirety contain an accurate statement of the law. But the general rule is that 'a jury should not have to reconcile two contrary statements of the law.'").